```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

**MICHAEL LEE CONN**                                            PLAINTIFF

        v.                Civil No. 11-5268

**DR. MICHAEL HOWARD;**
**SHERIFF TIM HELDER; and**
**NURSE RHONDA BRADLEY**                                       DEFENDANTS


## O R D E R

Now on this 18th day of September, 2012, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (document #44) and plaintiff's objection thereto. The Court, being well and sufficiently advised, finds and orders as follows:

    1.  On January 30, 2012, the Court scheduled an evidentiary hearing to be held on September 5, 2012. In the Scheduling Order (document #19), the Court directed the parties to file a pre-hearing information sheet within thirty days of the hearing.

    2.  Plaintiff failed to file the pre-hearing information sheet as ordered, and on August 13, 2012, the Court entered a Show Cause Order (document #40) allowing plaintiff until August 22, 2012, to show cause why this action should not be dismissed for failure to follow the orders of the Court.

    3.  On August 20, 2012, mail sent to plaintiff -- including the Show Cause Order -- was returned marked "paroled." Having no valid address for plaintiff, Magistrate Judge Erin L. Setser recommended that the case be dismissed for failure to prosecute

and failure to obey the orders of the Court. The Report and Recommendation was returned marked "paroled" on August 31, 2012.

4. The docket reflects that, on September 5, 2012, plaintiff contacted the Court by telephone and provided a new address. A copy of the Report and Recommendation was re-sent to plaintiff at the address he provided.

5. On September 11, 2012, plaintiff filed his objection to the Report and Recommendation. Plaintiff states that he was released from prison on July 18, 2012, at which time he was paroled to a transitional housing unit, where he stayed for one week. Plaintiff then returned to northwest Arkansas, where he "had a hard time getting a mailing address." Plaintiff states that he could not afford a stamp and envelope at that time. He further states that he had been advised to contact defendants' attorney, rather than the Court Clerk, to report a change of address and that he did so by telephone within two weeks of his dismissal from transitional housing. According to plaintiff, defendants' attorney told him that he needed to notify the Court of his change of address. Plaintiff states that he did so "as soon as he was able."

6. As a pro se litigant, it is plaintiff's duty to promptly notify the Clerk and other parties of any change in his address, to monitor the progress of the case, and to prosecute the action diligently. Local Rule 5.5(c)(2). Here, plaintiff failed to do so. Although plaintiff contends he could not afford a stamp and

envelope in order to contact the Court by mail, he has offered no explanation as to why he did not contact the Court by telephone until September 5, a full seven weeks after his release from prison. To the extent he contends he lacked access to a telephone, this is implausible considering plaintiff admittedly contacted defendants' counsel by phone within two weeks of his dismissal from transitional housing.

7. Furthermore, plaintiff has never filed a pre-hearing information sheet, as ordered by the Court, and has offered no explanation for why his failure to follow Court orders should not result in dismissal of the case.

**IT IS THEREFORE ORDERED** that the **Report and Recommendation of the Magistrate Judge** (document #44) is hereby **adopted *in toto***, and plaintiff's objection thereto is **overruled.**

**IT IS FURTHER ORDERED** that this case is **dismissed without prejudice** for failure to prosecute and failure to obey the orders of the Court.

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **U.S. DISTRICT JUDGE**